CROSNER LEGAL, P.C.
Ryan Tack-Hooper
ryan@crosnerlegal.com (WA SBN 56423)
92 Lenora St., Ste. 179
Seattle, WA 98121
Tel: (866) 276-7637

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| CHRIS HOPKINS, individually and on behalf of the proposed class,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA GROUP HOLDING LIMITED, ALIBABA GROUP (U.S.) INC., ALIBABA (CHINA) TECHNOLOGY CO., LIMITED, and ALIBABA (SINGAPORE) LIMITED.<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff Chris Hopkins, by and through the undersigned attorneys, individually and on behalf of the proposed class, alleges as follows:

**NATURE OF THE ACTION**

1. This is a proposed class action on behalf of Washington residents who received unsolicited text messages that Defendants—all part of the Alibaba e-commerce empire—enabled and assisted.

2. The Washington Consumer Electronic Mail Act prohibits "the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service," RCW 19.190.060(1), unless the person to whom the texts were sent "clearly and affirmatively consented in advance to receive these text messages," RCW 19.190.070(1)(b). It further makes it illegal for a person to "initiate or assist" in such a transmission, including by enabling "any person to formulate, compose, send, originate, initiate, or transmit" such a text. RCW 19.190.010. Washington law treats such unsolicited commercial text messages as a *per se* violation of the Consumer Protection Act.

3. Defendants systematically violated this law protecting Washington residents from unsolicited text messages by implementing a series of text-based referral programs in its Alibaba.com and AliExpress apps. These referral programs prompt existing users to send pre-packaged referral messages to their contacts by text message. Defendants create the message content, provide the transmission mechanism, and financially reward successful conversions. There is no mechanism to obtain or ensure the recipient's prior consent.

4. Plaintiff brings this proposed class action on behalf of people who also received Defendants' illegal spam texts, seeking an injunction to end these practices, an award to Plaintiff



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

and class members of statutory and exemplary damages for each illegal text, and an award of attorneys' fees and costs.

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

6. This action is a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B) because it is filed under Rule 23 of the Federal Rules of Civil Procedure on behalf of a proposed class of similarly situated persons.

7. As detailed below in this Complaint, based on Defendants' app download data and industry trends concerning referral program participation, Plaintiff estimates that 92,000 texts were sent to Washington residents in the four-year period preceding this Complaint. Even if this estimate is an order of magnitude too high and only 9,200 texts were sent to Washington residents, the imposition of $500 statutory damages per violation and the inclusion of statutory attorneys' fees ensures the aggregate amount in controversy easily exceeds the $5 million CAFA threshold. 28 U.S.C. § 1332(d)(2).

8. Minimal diversity exists under 28 U.S.C. § 1332(d)(2) because at least one member of the proposed class is a citizen of a State different from at least one Defendant. Plaintiff is a citizen of Washington. Defendant Alibaba Group (U.S.), Inc. is incorporated in Delaware and maintains its principal place of business in California.

9. This Court has personal jurisdiction over Defendants because Defendants purposefully directed unlawful text messages into Washington, including to Plaintiff's cellular telephone while Plaintiff was located in Tacoma, Washington, and because Defendants transact business in this District.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Defendants initiated or assisted in the transmission of the unlawful text messages to Plaintiff while Plaintiff was located in Tacoma, Pierce County, Washington, within the Western District of Washington. Venue is further proper because Defendants conduct business in this District and are subject to personal jurisdiction here.

**PARTIES**

11. Plaintiff Chris Hopkins is a citizen of Washington State who at all relevant times resided in Pierce County.

12. Defendant Alibaba Group Holding Limited ("Alibaba Group") is a company organized under the laws of the Cayman Islands, with its principal executive offices in Hangzhou, Zhejiang Province, People's Republic of China.

13. Defendant Alibaba Group (U.S.), Inc. ("Alibaba U.S.") is a Delaware corporation with its principal place of business in California. Alibaba U.S. operates as a United States subsidiary of Alibaba Group. Among other things, Alibaba U.S. is involved in the U.S. localization of website and app content as well as U.S. payment processing.

14. Defendant Alibaba (China) Technology Co., Ltd. ("Alibaba China") is a company organized under the laws of the People's Republic of China with its principal offices in Hangzhou, Zhejiang Province, People's Republic of China. It is involved in the development and operation of Alibaba Group's apps.

15. Defendant Alibaba (Singapore) Limited ("Alibaba Singapore") is a company organized under the laws of Singapore. It is involved in the development and operation of Alibaba Group's apps.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

## BACKGROUND

### *Alibaba's Corporate Forms and E-Commerce Apps*

16. Alibaba Group is a multinational technology company. Public financial reporting reflects annual revenue on the order of $137 billion for fiscal year 2025.

17. Alibaba Group directly or indirectly owns and controls the other Defendant companies and exercises substantial control over their operations, policies, and marketing practices.

18. Alibaba offers multiple e-commerce mobile applications used by U.S. residents, including the Alibaba.com app (B2B marketplace) and the AliExpress app (consumer retail).

19. Based on the terms of service and privacy policies for these two apps, as well as developer information offered in the Google and Apple stores, the apps were jointly developed and operated by Alibaba China, Alibaba Singapore, and Alibaba U.S., and during the four years preceding this complaint, each company was responsible for developing and operating one or both apps.

20. Both the Alibaba.com app and the AliExpress app include a refer-a-friend / share-and-earn feature offering order credits to both the sender and recipient upon qualifying activity.

21. These referral programs involve coordination in the development of the apps, creation of the program terms, marketing, data-sharing with the operations of the underlying websites, and payment to United States residents.

22. Each of the Defendants is involved in one or more aspects of the scheme, based on their respective roles in overall strategic coordination and marketing, app development, and U.S. implementation.

23. Defendants jointly implemented, controlled, and benefited from the referral



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

programs at issue in this action, including by coordinating on U.S.-targeted app store distribution and U.S. currency pricing and related terms of service, marketing infrastructure, branding and financial reporting, and payment processing involving U.S. customers. Accordingly, each Defendant in some material way assisted in the transmission of one or more of the text messages at issue in this action.

***The Size of the Problem***

24. Publicly available app download analytics show that both the Alibaba.com app and the AliExpress app are often ranked among the top 10 shopping apps in the Google and Apple app stores, each with millions of downloads every month.

25. Based on this publicly available download data, Plaintiff estimates that there are at least 4 million active users of one or both apps in the United States.

26. Based on industry-wide referral-program participation (and ignoring the fact that Alibaba's referral programs are higher-paid than the industry average), Plaintiff estimates that on the low end, at least 5% of active U.S. users sent referral invitations and that participating users sent an average of approximately five invitations using text messages per year, yielding an estimated 4 million referral messages over four years in the United States.

27. Washington residents have significantly higher rates of tech adoption, e-commerce usage, and small business activity than the average United States resident, but going purely based on population, Washington's 2.3% share of the country's population would mean 92,000 texts were sent to Washington residents over four years.

***The Referral Programs***

28. Defendants promote the sale of its products on Alibaba.com and through AliExpress using referral programs.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

29. In the United States, these programs are localized to U.S. currency and U.S. English and are designed to exploit the contact lists of residents of each state where they are downloaded.

30. Defendants enable users to transmit referral invitations directly through their device's text messaging applications.

31. Defendants supply prepackaged or auto-generated referral text and links that populate into the user's chosen messaging application and contain tracking parameters unique to the sender.

32. The content provided by Defendants promotes the company's services and is designed to induce the recipient to place an order.

33. Defendants instruct users to send these referral messages to their personal contacts with no instruction or obligation to first obtain consent.

34. Defendants do not employ any controls in the referral flow to ensure that its users obtain recipient's clear and affirmative consent in advance to receive the referral text messages before enabling them to send the commercial marketing text messages.

35. Defendants financially reward the sender when the recipient takes an action that financially benefits Defendants.

36. Defendants track the delivery and success of referral attempts.

37. Defendants provide no safeguards to prevent users from sending unsolicited referral messages to telephone numbers assigned to Washington residents.

38. Defendants' scheme foreseeably resulted in promotional texts targeting thousands of Washington residents.

39. At all times relevant to this Complaint, Plaintiff has resided in Washington State.

40. At all times relevant to this Complaint, Plaintiff's number was a cellular telephone



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

number assigned to a Washington resident and equipped with short message service or similar capability.

41. On October 14, 2025, Plaintiff received an unsolicited commercial electronic text message transmitted through Defendants' referral system, containing Defendants' standardized promotional language and a link to Alibaba.com directing Plaintiff to "[s]ign up or source on the Alibaba app with my referral link and get US $30 off and a chance to ship FREE on your first qualified order."

42. Plaintiff did not provide clear and affirmative consent in advance to receive the text message above.

43. Plaintiff's privacy was invaded by the unsolicited promotional text message.

44. The text message occupied space on Plaintiff's phone and wasted Plaintiff's time.

## PROPOSED CLASS

45. Plaintiff brings this action on behalf of Plaintiff and all others similarly situated as a proposed class action pursuant to Rule 23. The Class that Plaintiff seeks to represent is defined as follows:

> All persons who, while residing in Washington, were sent any text messages that Defendants assisted in the transmission of as part of its referral programs, from February 24, 2022 through the date the Court certifies the Class.

46. Excluded from the Class are: (i) Defendants and their officers, directors, employees, and legal representatives; (ii) any person who files a valid and timely request for exclusion; and (iii) judicial officers and their immediate family members and associated court staff assigned to the case.

47. Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate subclasses, in response to facts



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

learned through discovery, legal arguments advanced by Defendants, or otherwise.

48. As described above at ¶¶ 23-26, there are at least one hundred Washington residents who received texts generated by Defendants as part of the program. Accordingly, members of the Class are so numerous that joinder of all members is impractical.

49. Plaintiff's claims are typical of the claims of the Class Members because Plaintiff is a member of the proposed class, Plaintiff's claims stem from the identical course of conduct that form the basis of the Class claims, and all Class Members suffered similar injuries.

50. Plaintiff has no conflict of interest with any Class Member. Plaintiff has retained competent and experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class.

51. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiff and Class Members are the following:

a. Each Defendant's role in assisting the transmission of the texts;

b. Whether the texts are commercial;

c. Whether Plaintiff and the proposed Class are entitled to an injunction enjoining Defendants from assisting or initiating the unlawful texts in the future; and

d. The nature and extent of Class-wide injury and damages.

52. Class treatment is superior because individual suits would be economically infeasible given the modest per-text damages. A class action will also allow the claims to be brought in a single forum simultaneously, efficiently, without duplication of effort, or the risk of contradictory rulings that numerous individual actions would otherwise entail. The Class Members are readily identifiable from Defendants' records.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

**FIRST CAUSE OF ACTION**
**Violations of the Washington Commercial Electronic Mail Act**
**RCW 19.190**
**On Behalf of Plaintiff and Class Members**

53. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

54. Washington's CEMA prohibits any "person," as that term is defined in RCW 19.190.010(11), from initiating or assisting the transmission of an unsolicited commercial electronic text message to a telephone number assigned to a Washington resident for cellular telephone service.

55. CEMA provides a private right of action for individuals who receive these unlawful text messages, allowing them to seek injunctive relief to stop further violations.

56. Defendants are each a "person" within the definition of CEMA.

57. Defendants' design, provision of message content, and built-in tools to transmit referral messages constitute material assistance in initiating commercial text messages to Washington residents.

58. The referral messages transmitted through Defendants' system are unsolicited, commercial text messages sent without the prior express consent of Washington recipients.

59. Defendants assisted the transmission of one or more commercial electronic text messages to Plaintiff and proposed Class members as described above.

60. Defendants' acts and omissions violated RCW 19.190.060(1).

61. Beyond the statutory injury recognized by CEMA, Defendants' conduct wasted consumers' time and device storage and interfered with their ability to manage legitimate text message communications.

62. Plaintiff and Class members are therefore entitled to injunctive relief in the form of



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

an order enjoining further violations of RCW 19.190.060(1).

**SECOND CAUSE OF ACTION**
**Violations of the Washington Consumer Protection Act**
**RCW 19.86**
**On Behalf of Plaintiff and Class Members**

63. Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

64. A violation of CEMA constitutes a *per se* violation of all five elements of Washington's Consumer Protection Act (CPA). RCW 19.190.100; *Lyft, Inc. v. State*, 406 P.3d 1149, 1155 (Wash. 2017).

65. Plaintiff and Class members are "persons" within the meaning of the CPA. RCW 19.86.010(1).

66. Defendants' texts at issue in this case were part of a larger intentional scheme that violates CEMA.

67. The referral schemes detailed above constitute unfair and deceptive acts or practices because they exploit nonconsensual and illegal messaging for corporate profit.

68. As a commercial recruitment scheme, the acts or practices occur in trade or commerce within the meaning of the CPA. RCW 19.190.100.

69. The widespread nature of Defendants' program means that it affects the public interest of Washington residents in violation of RCW 19.190.100.

70. Pursuant to RCW 19.190.040(1), each recipient of a commercial electronic text message sent in violation of the CEMA is entitled to the greater of $500 per message or actual damages. These statutory damages establish injury and causation under the CPA as a matter of law. *Lyft*, 406 P.3d at 1155. The invasion of privacy and loss of use are also cognizable injuries under Washington law.

71. Plaintiff and Class members are entitled to recover damages, treble damages, and



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

reasonable attorneys' fees and costs pursuant to RCW 19.86.090.

72. Under the CPA, Plaintiff and members of the Class are also entitled to, and hereby seek, injunctive relief prohibiting Defendants from committing further violations of the CPA and the CEMA.

## PRAYER FOR RELIEF

Wherefore Plaintiff, on behalf of Plaintiff and Class Members, prays for judgment against Defendants as follows:

A. **Class Status**: An Order that this action may proceed and be maintained as a class action, and certifying the Class as defined above for the Class period defined above, appointing Plaintiff as Class Representative and the undersigned as Class Counsel;

B. **Damages**: Statutory damages of $500 per violating text and trebling as allowed by RCW 19.86.090;

C. **Injunction**: Injunctive or other equitable relief necessary to prohibit further CEMA and CPA violations;

D. **Fees and Costs**: Attorneys' fees and costs;

E. **Interest**: Pre- and post-judgment interest as appropriate; and

F. All other relief the Court deems just and proper.

//

//

//

//

//



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

**TRIAL BY JURY**

Plaintiff demands a trial by jury for all issues so triable.

Dated: February 24, 2026

**CROSNER LEGAL, PC**

By: /s/ Ryan Tack-Hooper

Ryan Tack-Hooper (WSBA 56423)
Zachary M. Crosner (WSBA No. 61644)
Crosner Legal, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
ryan@crosnerlegal.com
zach@crosnerlegal.com
Attorneys for Plaintiff